This video was made in Cooperation with the American Heart Association.   This video was made in Cooperation with the American Heart Association. The District Court here made two very basic fundamental errors in granting summary judgment. Number one, the District Court did not apply the controlling claim constructions, claim constructions which are not being challenged by either party and which govern this case, these two cases. These were claim constructions that were given in a prior proceeding involving the same patent prior to reissuance. Instead, the District Court used a figure in the patent from which she compared the accused device and the so-called claimed invention. And in the process of doing so, the District Court then really made findings of fact, many of which are not anchored in the record. The key to understanding the District Court's analysis is on page JA-17 of the opinion. It is the top paragraph where the analysis is revealed. And it is this top paragraph which reveals the errors. In this part of the opinion, the District Court explains, for the 379 patent, the seal assembly experiences no lateral force and unlimited axial force, whereas, and here is the comparison, the seal assembly in the gimbal design experiences limited lateral forces and limited axial forces. And she goes back to the 479 patent and says, for the 379 patent, all of the reference points of the seal assembly are limited to lateral movement, whereas, for the seal assembly in the gimbal design, the reference points at the center of mass and along the actual seal assembly experience both lateral and axial movement. It is therefore clear that because the gimbal design fails to meet the axial and lateral restrictions, the product cannot infringe. You will note from that paragraph that the District Court, number one, assumed axial movement was not permitted. That is, not applying the claim construction. Number two, you will see that the comparison that was made was not to the claim construction, but instead was made to a figure, and it is figure six. And the District Court assumed, from looking at figure six, that claimed invention permitted no axial movement. That is incorrect. The claim does not exclude axial movement. In fact, restricting axial movement as construed merely requires that the movement must be held within limits. Just for purposes of clarification, let me refer you to JA 4809, because that is, in my view, a clear expose of the accused product. Is there any question as to which part of the accused product constitutes the instrument seal assembly? Not in applied view. I see from the red brief they did not appear to adopt applied view. Well, my view is that the instrument seal assembly, which under the claim construction requires the entire instrument seal assembly, would include the white and the blue. Is that everyone's understanding of that? It is ours. I will let Mr. Jakes address it. Okay, I appreciate that. It is our view, yes. And interestingly, in the page you pointed out in 4809, this is the analysis given by applied expert, Mr. Neil Sheehan. And Mr. Sheehan explained in this figure on 4809 and 4810 that every point of the entire gimbal seal assembly has lateral movement. And the district court agreed. And the district court, as I just read to you, found that there was both axial and lateral movement. So when we're looking at this, though, we're determining whether there is free lateral movement. So we're looking at the entire assembly, not at whether a particular part moves. We're not looking at blue, for instance. We're looking at the entire assembly. That is correct. The claim requires that the seal assembly move freely laterally. And the district court agreed. It does. Every point, because it's an irregularly shaped object, you have various ways that you could determine the movement of an irregularly shaped object. Mr. Sheehan took the view of taking some points and following the path of travel of various points. The district court did her own analysis, not anchored in the record, using a center of mass theory, and the district court still concluded, like Mr. Sheehan, that there is free lateral movement. I guess the concern I'm having is if we assume that the relevant lateral movement is that the entire instrument seal assembly moves laterally and that the accused instrument seal assembly is hemispherical, then isn't it true that when the seal assembly rotates, it never moves laterally? No, because remember, this is a hemisphere, not a sphere. So as Mr. Sheehan explained on the page that you just pointed to me too, JA 4809, every area, every part of that hemisphere moves laterally. It has a lateral component. So it doesn't matter whether you're staring at the blue or staring at the white. It always moves side to side. It also has axial movement, and that was the basis of the district court's decision. The district court thought because it has free lateral, you must assume it has axial, and therefore it can't meet the axial limitation which requires that it be restricted. Where did the district court arrive at that this required axial movement or there was axial movement in addition to the lateral movement? Was it from the claims or was it from the figures in the bottom end of the patent? In our view, the district court used the figure, and looking at the figure, she assumed the claim's invention did not permit any axial movement. That was error. We all agree there are various points on the accused's device that have axial movement, but the claim really requires that the axial movement be restricted, and the axial movement is restricted in the gimbal because you analyze the axial movement when the instrument is moving axially, and you'll notice the red brief never addresses the actions of the gimbal when the instrument is being inserted or when the instrument is being withdrawn, and that is explicitly stated, particularly in Claim 87, if the court would go to Claim 87, which is reprinted in the red brief at page 9. And in the red brief, I italicized the language. And the claim is explicit that the actual restriction in the instrument is that it's generally held in position axially when an instrument is inserted into or withdrawn from the instrument. So you look at the axial restriction when the instrument is being inserted in the port and withdrawn from the port, and that's why it's a gimbal. It's to hold it in place when the instrument is inserted and withdrawn. You don't want it to pop out of the housing, and you don't want it to fall into the patient. And so in our view, at a minimum, there's questions of fact on lateral movement, and clearly it's restricted axially. The district court did not adopt Providian's view that there was no lateral movement. The district court rested her decision on the grounds that she believed the claim did not permit axial movement. Can you address the doctrine of equivalence? Yes. Now, first of all, the doctrine of equivalence, there's no debate that under the functional aid result test, they're identical. There's no difference in the functioning of the two devices. The district court wrote one sentence on the doctrine of equivalence. She thought, and this is on JA-17 as well, in the joint appendix, she wrote that here, the claim limitation requires both axial restriction and lateral freedom. The claim limitation would be rendered meaningless if the court were to allow the patent to read on a gimbal design through the doctrine of equivalence. Well, first of all, there's no analysis. Second of all, it's clear to me, and applied to me, that the district court is applying the same wrong claim construction in making that statement. And you'll notice that she puts the axial restriction and lateral freedom limitations together as if they're just one limitation. It's not really right. And so in our view, it's not reading out limitations at all. There is, in fact, lateral movement, so we think there's a strong case of literal infringement. But even if you didn't call moving in a recess in an arc literal infringement, our view is that clearly it's substantially the same way, the same result. It's almost the same way. I mean, if we accept that there's no literal infringement and we accept her claim construction, how is it not the same way with regard to the gimbal? It works in the identical fashion for the identical purpose. The whole purpose of... I'm asking what's the way it works, the way, function, way, result. The way moving in and out of a recess to relieve the stress... But not laterally. But not, well, that's the question of fact of literal. No, my question assumed we were at DOE because there is no literal. So how is it the same way? They both function identically by going in and out of a recess to permit free lateral movement, free movement of the orifice, which is the goal of the invention. But no lateral. I mean, we're assuming no lateral under literal. Right. If there's no literal infringement, we're at DOE and we've gotten rid of the limitation with regard to free lateral movement, right? Well, I think that's very hard to do because obviously there is some lateral movement. It's very hard for me to envision no lateral movement. To assume that's not lateral movement, you still have some lateral movement at the point of interest, the point that affects the function of the device. And that is where it matters. That is around the orifice. So you're saying, I mean, that's why I think the district court, and we have some difficult issues that we apply with respect to DOE, like claim vitiation and all of this stuff. But it seems to me if you accept that there are free lateral movement is a significant limitation in the claim and that you don't need it, are you suggesting that something less than free lateral movement would be sufficient for DOE? Because I'm having trouble even hypothesizing how we would say there's no lateral movement. There obviously has to be some lateral movement because the orifice is clearly moving laterally. But that's not what the claim clearly requires more than some lateral movement. It requires free lateral movement. There's no debate about free. The free is not even an issue. Everybody agrees the movement is free. That's why it's in a frictionless gimble. The whole point is free lateral movement, and free is not even before the court. The defendant has never suggested the movement was not free. All right, consider for a moment rotation, where the device is rotating. And you're saying that your argument is that even if with rotation you have some degree of lateral movement, and that degree is what should have gone to the jury. That's correct, and that's exactly what my expert said. And the district court never even acknowledged my testimony, my expert's testimony. The expert on 4809, the very case Judge Post pointed out, he said there's lateral movement. And no matter how you analyze it, there's lateral movement. And every point has a lateral component. And the district court agreed there was lateral movement. You see, so the point we've been discussing, the district court even knew that there's lateral movement. The debate became, is there axial movement? And the district court rested her decision on the fact that there was axial movement, and that, she thought, caused the product not to infringe. You're well into your rebuttal time. Do you want to let the other side? Thank you. Thank you. Mr. Jake, second time this week for us, right? Good morning. May it please the court. It's undisputed in this case that Cobian's gimbal seal rotates. It's hemispherical. The gimbal seal rotates. Is there any lateral movement to it? Not of the entire seal assembly. But is there any lateral movement at all? Your Honor, what Applied did is they looked at a point and said there's both lateral and axial movement, and since there is some lateral movement, it meets the claim limitation. That was given up from the original claims where it talked about the instrument seal having lateral movement. They changed that and said the instrument seal assembly had to have free lateral movement. And rotation is not free lateral movement of the entire assembly. You can look at a point and you can say this point has some lateral movement when you rotate it, but that was given up in these claims. It has to be the entire seal assembly. And it stays confined. It doesn't move laterally. I think that's undisputed. That's how it rotates. Let's say under the doctrine of quotas we find that we have the same function, the same result. Explain to me how your device is a different way of achieving a result. Your Honor, that would go into the factual question of equivalency. Wouldn't that already destroy the assortment judgment? No, it wouldn't, Your Honor, because there are two legal limits on the doctrine of equivalency, both of which apply here and which the district court recognized. If you were to find equivalency here, it would make the limitations meaningless, and that's generally the vitiation doctrine that no reasonable jury could find infringement because you can't have both free lateral movement and restricted axial movement on the points that they're looking at. There's more axial movement than there is lateral movement. It can't be both free and restricted at the same time. And if you were to do that, it would make these limitations meaningless. What do you say to your opponent who says that the word free or a function dealing with free was not before the court? You're not in dispute, I should say. It is in the claim construction. Free lateral movement is not fastened or confined in a particular place or position. That's not just lateral movement. It's not confined. The word free is taken into account in the claim construction. What we're talking about, though, is the entire seal assembly, as they amended their claims, has to be capable of free lateral movement, and it rotates. It doesn't move from side to side. That's the construction. Lateral movement is side to side or sideways movement. You may be able to find a point on there and say it has a lateral component. That's what their expert did, but that doesn't meet the claim language. And even if you give them the benefit of the doubt and say, okay, and I think this is really what the district court was trying to do, to look at their analysis and say, okay, points on the gimbal. If you rotate it, you can say there is some lateral movement. So I appreciate your explanation and argument, but in this case, a district court addressed the doctrine of policy with one line, with no analysis, no reasoning. How are we to determine whether the court erred in granting summary judgment? Your Honor, ultimately the question is, is the judgment right? And you can certainly use the opinion as a guide to that, but the question is, is the judgment right? Is there no infringement here? Nothing really more needed to be said. The judge went through the analysis. She actually applied the claim language. Applied counsel says she didn't. It's recited right in the opinion of JA-13. Both the free lateral movement that's required, as well as the restricted action movement. And she found that ultimately, they both weren't bad. And then said, if you were to apply the doctrine of equivalence here, that would eliminate these limitations. They're exact opposites. She said they're opposites. What limitation would be eliminated, Mr. Hicks, or vitiate, I guess you'd say? Either one. You can't have both. This is one of those cases where you have exact opposites. You have free lateral movement and confined axial movement. And if you look at something and say, well this is moving freely laterally, well then it's no longer confined axially. As we showed in the figures in our brief, the actual point that applied chose, it moves more axially than it does laterally. And so you can't meet them both. In your view, what does the restriction with respect to axial movement mean? It means what? Because in looking at the accused device, it wouldn't go on indefinitely, because it would be stopped by the upper piece. Sure. How much of a restriction does there have to be? It has to be more than free lateral movement. And that's really where the rub is, because these two are in tension with each other. The judge said restricted axial movement was confined. She used the word confined. Free lateral movement means not confined. That's in the construction. They are exact opposites. There may be some degree that you could have lateral movement doesn't have to be unlimited lateral movement and axial movement. I think you're interpreting or you're defining lateral movement and the axial movement in a way that maybe the district court did not. I'm looking at J17. Again, this is language we've been looking at, line 16. It says here, the claim limitation requires both axial restriction and lateral freedom, both. Then it goes on, she goes on and says, The claim limitation would be rendered meaningless if the court were to allow the patent. And then it goes on. What claim limitation is the court referring to? Your Honor, it could be either one. We don't know. Actually, you do, because if it's free lateral movement, if you say, suppose it meets free lateral movement, it can't meet restricted axial movement. If you say, well, that's not restricted axial movement, then it can't meet free lateral movement. They are in opposition to each other. In other words, she's talking about, she's treating it as one limitation, and she's saying this one limitation requires simultaneously or both axial restriction and lateral freedom. And therefore, that limitation of both of them. That's right. They're two different aspects, but they are one limitation, and they were added together in the prosecution. The word and is used. The seal assembly is mounted in the seal body in a manner restricting axial movement and permitting free lateral movement. And they have to be at the same time, because it says, in response to movement of the instrument passed through the instrument port. It doesn't say restricted at one time, free at a different time. It says and. So you're saying, Mr. Jacobs, that the free lateral movement and the restricted axial movement have to occur at the same time, right? They do. It's right there. Why does the restricted axial movement not occur in the accused device? Well, it doesn't. That's really the problem. When it rotates, if you accept the applied view that it can be a point on the gimbal, having free lateral movement, So you're looking for, let's see, it was 4809 and 4810, I guess, in the joint appendix. You're saying that there is not restricted lateral movement because, although eventually, Restricted axial movement. I'm sorry. Thank you, Chief, for correcting me on that. Yes. You're saying there's not restricted axial movement because even though eventually movement is stopped by the piece at the top near the port there, still there's some significant movement. Is that what you're saying? That's right. First, I just want to be clear that we don't think there's any free lateral movement here at all. This doesn't show that. It shows rotation. And you don't see the entire seal assembly moving side to side. That really should be the end of the case. If you accept or entertain the applied theory that you can look at individual points, well, just take the point that they give us. It moves more axially than it does laterally. That can't work either. And that's really what's fundamentally wrong with Applied's position and their expert's testimony here. He's not applying the Claims Instruction. It says the entire seal assembly has to be able to move laterally. And so looking at an individual point, looking at a point of interest, looking at just the seal, that was the original claim. Is there anything in the record, Mr. Hicks, that shows free lateral movement other than the movement of the spot on the hemisphere? No, Your Honor. You can see it from the diagrams. It doesn't move from side to side. It's not shifting side to side. It's rotating. And it doesn't extend farther one direction to the side. So you're saying the key is there's no, in your words, side to side shift. That's right. That's the Claims Instruction that we've all agreed. It says side to side or sideways. That's what lateral means. Applied's counsel also brought up Claim 87 and focused on the additional limitation that was added in the reissue. That can't change what's in Claim 1. That's an additional limitation. This was a reissue filed 10 years after the original patent issue. So that can in no way broaden the claim. You need to look at the language in the Claim 1 as it was issued that has both restricting axial movement and permitting free lateral movement in response to movement of the instrument. Not in response to movement of the instrument laterally. Not in response to movement of the instrument axially. That is not in the claims. Are there no further questions? Thank you. Thank you. Mr. Duray, you've got a little time left. Mr. Duray, as the presiding judge said, you have just a little time, so I want to bite into a little bit of your little time if I could. You heard in my colloquy with him, Mr. Jake said, there's no lateral movement here because there's no shift of the gimbal device, the gimbal seal device, and there's no sideways movement. He says that the rotational movement pointing to a spot on the sphere doesn't amount to that. What is your response to that? Well, my expert says to the contrary, and last time I checked, Mr. Jake didn't submit a declaration. So I have Mr. Sheehan, who did a detailed analysis, and there were several different ways that we have in the record showing that there is side-to-side movement. The first one is when you have an irregularly shaped object, pick various points and see where the points go. And even the district court wrote in footnote one, it is therefore not strictly true that the seal assembly experiences no lateral translation slash displacement. That's the first sentence of footnote one. So the district court rejected the idea that there was no side-to-side or lateral translation, which is much more narrow than side-to-side. Side-to-side is not geometric. It's clear Mr. Jake is talking about translational or planar movement, which we know is not in the claim because figure six itself, the one the district court used, actually does move up and down. So even if you go to the specification where it talks about figure six, and that's on column 15, lines 6 through 15, that paragraph discusses the seal assembly moving up and down and why you have wipers on the top and the bottom because there are gas forces pushing it up and down and as you move the instrument up and down. And you'll notice once again that Mr. Jake wants the claim to be lateral movement and restricted axial movement as if it has to occur all at once. The claim doesn't do that. The claim 87, which he says is broader, no, it's more narrow. Claim 87 is specific that you measure the lateral movement when the instrument goes side-to-side and you measure the axial when it goes up and down. And of course there's axial. And they admit there's axial restraint in their device. If you go to page two of their brief, they wrote in their red brief, the gimbal seal cannot move freely from side-to-side, that's their translational argument, or up and down within the tow car housing. So at the bottom of page two, the athletes have admitted that the gimbal seal cannot move freely up or down. Of course, that's the nature of a gimbal. Thank you. We have your argument, too.